UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20059-CR-GOLD

UNITED STATES OF AMERICA

vs.

DAVID BRAUNER,

       Defendant.
_____/

## ORDER REQUIRING INVOLUNTARY ADMINISTRATION OF ANTI-PSYCHOTIC MEDICATION TO RESTORE COMPETENCY

This matter is before the Court pursuant to this Court's Order for Psychiatric/Psychological Evaluation, dated January 25, 2008, granting defendant David Brauner's unopposed *ore tenus* motion to determine competency. On or about March 12, 2008, the Warden of the Federal Detention Center provided this Court and counsel for both parties the results of a comprehensive competency evaluation performed on defendant. The Competency Evaluation recommended that defendant be found incompetent to stand trial and that he undergo mandatory competency restoration treatment.

On March 26, 2008, this Court ordered that defendant be committed to the custody of the Attorney General to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed.

The Court has received a forensic evaluation from the Mental Health Department of the Federal Medical Center at Butner, North Carolina dated June 11, 2008 (the "Forensic Evaluation"). Based on the Forensic Evaluation, the Court finds by a preponderance of the evidence that defendant is presently incompetent to proceed with this matter. *See* 18 U.S.C. § 4241(d). The Court adopts the Forensic Evaluation and the conclusions contained therein. The Court has not held an

evidentiary hearing pursuant to 18 U.S.C. § 4247(d) because the Forensic Evaluation has been accepted by all parties.

The Forensic Evaluation concludes that, in the opinion of the medical professionals at FMC Butner, "there is a substantial probability that Mr. Brauner can be restored to competency by receiving treatment with antipsychotic medication." Because defendant refuses anti-psychotic medication, the Court must evaluate a forced course of treatment under *Sell v. United States*, 539 U.S. 166 (2003).

*Sell* sets forth four factors a court must consider: (1) whether there is an important governmental interest at stake in bringing to trial an individual accused of a serious crime; (2) whether treatment is substantially likely to restore defendant to competency, and whether treatment is substantially unlikely to have serious side effects which would interfere with the defendant's ability to assist his attorney in conducting the offense; (3) whether the treatment is necessary to further the government interest at stake, and whether there are less intrusive alternatives to achieve the same result (i.e., to restore competency); and (4) whether treatment with anti-psychotic medication is medically appropriate. Applying these facts, the Court concludes that defendant should be ordered to be involuntarily medicated with anti-psychotic medication.

As to the first factor, there is an important government interest at stake because defendant's alleged crime is the physical assault of a federal officer, which resulted in substantial bodily damage and which carries a statutory maximum term of imprisonment of twenty (20) years. This is a "serious crime" against persons, as described by the Supreme Court in *Sell*. *See id.* at 180.

As to the remaining three factors, the Court agrees with the findings and conclusions in the Forensic Evaluation that (i) "there is a substantial likelihood probability that Mr. Brauner can be

restored to competency by receiving treatment with antipsychotic medication," that (ii) "involuntary medication is necessary to restore Mr. Brauner's competency to stand trial," and that (iii) "administering the proposed treatment with antipsychotic medication is medically and clinically appropriate."

The Court notes that, although the Forensic Evaluation opines that "the proposed treatment would be substantially unlikely to have serious side effects which would interfere significantly with [defendant's] ability to assist his attorney in preparing and conducting his defense," it also asks that the Court's order "include language allowing for the periodic monitoring for side effects including laboratory blood testing, monitoring vital signs, and physical assessment."

Accordingly, pursuant to 18 U.S.C. § 4241(d)(1), defendant is committed to the custody of the Attorney General for hospitalization and treatment, including involuntary anti-psychotic medication and periodic monitoring for side effects, at a suitable BOP facility. This commitment shall expire four months from the date of this order. If additional time is needed, the BOP, the government, or defendant can request an extension under § 4241(d)(2).

The Attorney General, through the U.S. Attorney's office, shall file monthly reports concerning defendant's status, and provide copies to counsel of record. If there is a change in circumstances, defendant or the government may move for an order amending defendant's commitment.

The period from defendant's *ore tenus* motion to determine competency until this Court renders a further order addressing defendant's mental competency, is excludable under the Speedy Trial Act, Title 18, United States Code, Section 3161(h)(1)(A).

**The government shall provide a copy of this Order to the proper authorities at the Federal Medical Center at Butner, North Carolina.**

**DONE AND ORDERED** at Miami, Florida this **30th** day of June, 2008.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

cc:   Michael Spivack, Esq.
      Jason Linder, AUSA
      U.S. Marshal (2 Certified)