UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-02004-STB

UNITED STATES OF AMERICA

    Plaintiff,

vs.

DAVID BRAUNER,

    Defendant.
_____/

## ORDER REQUIRING DANGEROUSNESS ANALYSIS PURSUANT TO 18 U.S.C. § 4246(b)

This matter is before the Court pursuant to this Court's Order for Psychiatric/Psychological Evaluation, dated January 25, 2008, granting defendant David Brauner's unopposed *ore tenus* motion to determine competency. On or about March 12, 2008, the Warden of the Federal Detention Center provided this Court and counsel for both parties the results of a comprehensive competency evaluation performed on defendant. The Competency Evaluation recommended that defendant be found incompetent to stand trial and that he undergo mandatory competency restoration treatment.

On March 26, 2008, this Court ordered that defendant be committed to the custody of the Attorney General to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed.

On or about June 11, 2008, the Court has received a forensic evaluation from the Mental Health Department of the Federal Medical Center at Butner, North Carolina (the "Forensic Evaluation"). The Forensic Evaluation concluded that, in the opinion of the medical professionals at FMC Butner, "there is a substantial probability that Mr. Brauner can be restored to competency

by receiving treatment with antipsychotic medication." Based on the factors set forth in *Sell v. United States*, 539 U.S. 166 (2003), the Court committed the defendant to the custody of the Attorney General for hospitalization and treatment, including involuntary anti-psychotic medication and periodic monitoring for side effects, at a suitable BOP facility, pursuant to 18 U.S.C. § 4241(d)(1).

On or about November 14, 2008, the Warden of the Federal Detention Center provided this Court and counsel for both parties the results of a comprehensive competency evaluation performed on the defendant after the administration of a course of involuntary anti-psychotic medication. This evaluation concluded that the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings files against him or assist properly in his own defense. The evaluation also concluded that there is not a substantial probability that the defendant's competency will be restored in the foreseeable future.

Pursuant to 18 U.S.C. § 4246, the Court therefore orders the Bureau of Prisons to conduct an examination to determine whether the defendant's release would create a substantial risk of bodily injury to another person or serious damage to the property of another. The Court further orders the Bureau of Prisons to prepare and submit a report setting forth its determination and the reasons upon which the determination is based. The Bureau of Prisons shall submit this report within forty-five days of this Order, as required by 18 U.S.C. § 4247(b). It is further ordered that the Bureau of Prisons shall retain custody of the defendant until further order by the Court.

The Attorney General, through the U.S. Attorney's office, shall file monthly reports concerning defendant's status, and provide copies to counsel of record. If there is a change in

circumstances, defendant or the government may move for an order amending defendant's commitment.

The period from defendant's *ore tenus* motion to determine competency until this Court renders a further order addressing defendant's mental competency, is excludable under the Speedy Trial Act, Title 18, United States Code, Section 3161(h)(1)(A).

**DONE AND ORDERED** at Miami, Florida this ___ day of December, 2008.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

cc: Michael Spivack, Esq.
Jason Linder, AUSA
U.S. Marshal (2 Certified)